1 Christopher R. Houk, State Bar No. 20843
**GILLESPIE, SHIELDS, DURRANT & GOLDFARB**
2 7319 North 16th Street
3 Phoenix, Arizona 85020
Telephone: (602) 870-9700
4 Facsimile: (602) 870-9783
5 chouk@gillaw.com

6 Send all Court Documents to:
7 mailroom@gillaw.com

8 *Attorneys for Plaintiff*

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VANESSA TULLIE, an individual, | |
| Plaintiff, | Case No: |
| v. | **CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FAST CARE TRANSPORTATION, LLC, an Arizona Limited Liability Corporation; OMER ELHIBER FADLALLA, and JANE DOE FADLALLA, husband and wife; ALI A. ALKARORI and JANE DOE ALKARORI, husband and wife, | **COUNT I:** UNPAID OVERTIME UNDER 29 U.S.C. § 201 *et seq.* |
| Defendants. | **COUNT II:** MINIMUM WAGE UNDER 29 U.S.C. § 201 *et seq.* |
| | **COUNT III:** MINIMUM WAGE UNDER A.R.S. § 23-363 *et seq.* |
| | **COUNT IV:** PREGNANCY DISCRIMINATION UNDER Title VII, 29 U.S.C. § 2000e-2(a) |

Plaintiff Vanessa Tullie submits this Complaint for relief against the Defendants and Jury Trial Demand pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), 38(b), and 39(a). Defendants failed to pay Tullie overtime wages and regular

Page 1 of 11

wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended and codified at 29 U.S.C. § 201 *et seq.*, the Civil Rights Act of 1964 (Title VII), as amended and codified at 29 U.S.C. § 2000e *et seq.*, and the Arizona Minimum Wage Act, codified at A.R.S. § 23-363 *et seq.*

**The Parties**

1. Plaintiff Vanessa Tullie (Tullie) is, and has been at all times relevant to this Complaint, an adult resident of Maricopa County, Arizona.

2. Tullie, during the times relevant to this Complaint, was an "employee" as that term is defined in 29 U.S.C. §§ 203(e), 2000e(f) and used in 29 U.S.C. §§ 207(a), 2000e-2(a).

3. Defendant Fast Care Transportation, LLC (FCT) is, and has been at all times relevant to this Complaint:

   A. An Arizona Limited Liability Company with its principal address at 1724 W. Loughlin Dr., Chandler, Arizona 85224;

   B. An "employer" as that term is defined in 29 U.S.C. § 203(d), 2000e(b) and used in 29 U.S.C. §§ 207(a), 2000e-2(a);

   C. An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203(r),(s); and

   D. Owned and managed by Defendants Omer Elhiber Fadlalla and Ali A. Alkarori.

4. Defendant Omer Elhiber Fadlalla ("Fadlalla") is, and has been at all times relevant to this Complaint:

Page 2 of 11

5.     
A. An individual residing in Maricopa County, Arizona;

B. An "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a);

C. Upon information and belief, lawfully married to Defendant Jane Doe Fadlalla, whose name will be amended upon learning of her identity, acting on behalf of their marital community; and

D. An officer of FCT, acting on its behalf.

5. Defendant Ali A. Alkarori (Alkarori) is, and has been at all times relevant to this Complaint:

A. An individual residing in Maricopa County, Arizona;

B. An "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a);

C. Upon information and belief, lawfully married to Defendant Jane Doe Alkarori, whose name will be amended upon learning of her identity, acting on behalf of their marital community; and

D. An officer of FCT, acting on its behalf.

## Jurisdiction and Venue

6. At all times relevant to this Complaint, Tullie was an employee of FCT as that term is defined in 29 U.S.C. § 203(e)(1).

7. This Court has subject matter jurisdiction over the FLSA and Title VII, Civil Rights Act, claims pursuant to 28 U.S.C. § 1331.

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783

8. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court because all the acts alleged herein occurred in Maricopa County, Arizona.

**Fact Allegations in Support of All Counts**

10. On or about February 22, 2016, Tullie started her employment with FCT. She started as an Office Aid and as of about March 7, 2016 she became an Office Manager/Dispatcher.

11. Tullie's job duties included the following:

    A. Answering phone calls, including from solicitors and hospitals.

    B. Receiving customer requests for drivers.

    C. Finding available drivers for customers.

    D. Asking drivers to provide transportation for customers.

    E. With regard to applicants for driving positions, Tullie's duties included:

        1. Pulling driving record.

        2. Pulling criminal background report.

        3. Verifying negative drug test.

        4. Verifying CPR and First Aid training.

        5. Scheduling Training.

12. About 70 to 80% of Tullie's job duties constituted duties involved seeing which drivers were available to pick up customers.

13. FCT paid Tullie $32,500 per year, which equates to $625 per week ($32,500 / 52) or $15.625 per hour ($625 / 40).

14. Starting the week of March 7, 2016, Tullie was required to work on average ten (10) hours of overtime per week. This continued until the week of April 4, 2016. This is amounts to four (4) full weeks working about ten (10) hours of overtime each week. Defendants owe Tullie $937.50 for this time.

15. For each of those four weeks from March 7 to April 4, 2016, the Defendants failed to pay Tullie minimum wage for the ten (10) hours per week overtime she worked.

16. For each of those four weeks from March 7 to April 4, 2016, the Defendants failed to pay Tullie overtime wage for the ten (10) hours per week overtime she worked. Tullie is owed time and a half pay for her overtime paid these four weeks.

17. Starting the week of April 4, 2016, Tullie was required to work on average twenty (20) hours of overtime a week. This continued until the week of August 29, 2016. This is amounts to twenty-one (21) full weeks working about twenty (20) hours of overtime each week. Defendants owe Tullie $9,843.75 for this time.

18. For each of those twenty-one weeks from April 4 to August 29, 2016, the Defendants failed to pay Tullie minimum wage for the twenty (20) hours per week overtime she worked.

19. For each of those twenty-one weeks from April 4 to August 29, 2016, the Defendants failed to pay Tullie overtime wage for the twenty (20) hours per week overtime she worked. Tullie is owed time and a half pay for her overtime paid these twenty-one weeks.

Page 5 of 11

20. Defendants owe Tullie approximately $10,781.25 in overtime pay.

21. On two days in July 2016, FCT failed to pay Tullie when she did not work because of illness.

22. FCT did not have a policy or practice of providing compensation for salaried workers if they miss work because they were sick.

23. From the start of her employment, Tullie worked forty (40) hours per week.

24. In the performance of her job, Tullie was not allowed discretion. She was at all times directed to perform her task according to guidelines set forth by her superiors.

25. For all times relevant, FCT failed to keep accurate employment hour records as required under the FLSA, 29 U.S.C. § 211.

26. Tullie performed her job duties in a satisfactory manner.

27. On or about July 18, 2016 Tullie informed Alkarori that she was pregnant. He said, "We're going to have to talk about this [Tullie's pregnancy]."

28. Upon information and belief, upon learning of Tullie's pregnancy, Defendants actively sought a replacement dispatcher for Tullie's position and moved another employee into dispatch to work with Tullie.

29. On August 31, 2016, FCT locked Tullie out of the workplace without notice, explanation, or justification, thus terminating Tullie's employment.

**Demand for Jury Trial**

30. Tullie demands a trial by jury pursuant to the Seventh Amendment of the United States Constitution, and Federal Rule of Procedure 38(b) and 39(a).

Page 6 of 11

**Relief Requested**

31. Based upon the forgoing, Tullie requests judgment and orders granting him the following relief against the Defendants:

**Count One:**
**29 U.S.C. § 201 *et seq.* (Overtime Violations)**
**(against all Defendants)**

32. Tullie repeats and realleges each allegation of this complaint as if fully set forth in this claim.

33. At all relevant times, FCT was an employer covered under the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

34. At all relevant times, Tullie was an employee covered under the FLSA.

35. FCT failed to pay Tullie for approximately 420 hours of overtime work as described above.

36. Tullie is entitled to double the amount due under the FLSA because FCT did not act in good faith and does not have any objectively reasonable grounds for failing to pay Tullie her normal hourly rate for all overtime hours.

37. FCT's conduct was willful.

38. The individual defendants are personally liable for failing to pay Tullie overtime.

39. Tullie is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

40. Tullie is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

**Count Two:**
**29 U.S.C. § 201 *et seq*. (Minimum Wage Violation)**
**(against all Defendants)**

41. Tullie repeats and realleges each allegation of this complaint as if fully set forth in this claim.

42. At all relevant times, FCT was an employer covered under the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

43. At all relevant times, Tullie was an employee covered under the FLSA.

44. FCT failed to pay Tullie the applicable minimum wage for all hours worked in violation of the FLSA.

45. FCT's conduct described above was willful.

46. Tullie is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

47. Tullie is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

**Count Three:**
**A.R.S. § 23-363 *et seq.* (Minimum Wage Violations)**
**(against all Defendants)**

48. Tullie repeats and realleges each allegation of this complaint as if fully set forth in this claim.

49. At all relevant times, Tullie was an employee under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq*.

50. At all relevant times, FCT was Tullie's employer under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq*.

51. FCT failed to pay Tullie the applicable minimum wage for all hours worked, as required by A.R.S. § 23-363 and implementing regulations.

52. FCT's conduct described above was willful.

53. Pursuant to A.R.S. § 23-364, Tullie is entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages.

54. Tullie is also entitled to recover her attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

**Future Claim - Count Four:**
**Title VII, 29 U.S.C. § 2000e-2(a)) (Unlawful Failure to Hire – Sex Discrimination)**
**(against Defendant FCT)**

55. Tullie repeats and realleges each allegation of this complaint as if fully set forth in this claim.

56. Tullie has not yet filed a charge of discrimination but puts FCT on notice that she may file a charge of discrimination alleging that FCT discriminated against her on the basis of sex and pregnancy. Tullie places FCT on Notice that she intends to amend her complaint with a Title VII sex and pregnancy claim after the EEOC issues its right to sue letter.

57. The Civil Rights Act of 1964 (Title VII), 29 U.S.C. § 2000e-2(a), prohibits employers from failing to hire its employees because of their sex and pregnancy.

58. FCT violated Title VII when it terminated her employment because of her sex and pregnancy.

59. As a direct and proximate result of the conduct of FCT, Tullie suffered monetary and compensatory damages including for suffering pain, suffering, inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, heart damage, fear, depression, loss of sleep, loss of enjoyment of life, in an amount to be proven at trial pursuant to 42 U.S.C. § 1981a.

60. Tullie is entitled to equitable relief such as employment, reinstatement, and promotion pursuant to 42 U.S.C. § 2000e-5(g).

61. The unlawful employment practices complained of above were intentional.

62. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Tullie.

WHEREFORE, Tullie requests Judgment against Defendants as follows:

A. For a declaration that FCT violated Tullie's rights under the FLSA, A.R.S. § 23-363, and Title VII;

B. For injunctive relief, including a permanent injunction prohibiting FCT from engaging in the violations of the law alleged her;

C. For relief to make whole Tullie and affirmative relief necessary to eradicate the present and past effects of FCT's unlawful practices, including, but not limited to, paying Tullie lost wages, including back pay, and benefits, unpaid minimum wage, and unpaid overtime;

D. For compensation for past and future non-pecuniary losses resulting from the unlawful practices under Title VII, including, but not limited to, suffering

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783

pain, suffering, inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, in amounts to be determined at trial;

E. For equitable relief such as employment, promotion, reinstatement or, in lieu of reinstatement, front pay;

F. For pre-judgment and post-judgment interest on the above amounts at the highest legal rate;

G. For liquidated damages;

H. For reasonable attorneys' fees;

I. For all costs of suit; and

J. For such other and further relief as is proper and just.

Respectfully submitted this 19th day of October, 2016.

**GILLESPIE SHIELDS DURRANT & GOLDFARB**

By    /s/ Christopher R. Houk
      Christopher R. Houk
      *Attorneys for Plaintiff*